**Robert GREEN, Jr.**

v.

**MAYOR AND CITY COUNCIL OF BALTIMORE, et al.**

**Civ. No. S 98–100.**

United States District Court, D. Maryland.

Jan. 25, 2001.

Edith A. Lawson–Jackson, Law Office, Bowie, MD, Neil E. Duke, Scanlan, Rosen & Shar, LLC, Baltimore, MD, for plaintiff.

Joanne G. Evans, Law Office, Rockville, MD, Deborah K. St. Lawrence, Department of Law, Maurice Albert Bellan, Assistant Solicitor, Department of Law, Sandra Holmes, Baltimore Police Dept. Office of Legal Affairs, Baltimore, MD, for defendants.

*MEMORANDUM OPINION*

SMALKIN, District Judge.

On January 10, 2001, the Court issued a letter order, calling upon the plaintiff and his counsel to verify that the signatures on the affidavits of affiants Winkler, Puller, and Reid, submitted in opposition to defendants' summary judgment motions, were actually the signatures of those affiants. The plaintiff, by counsel, in an attempt to, *inter alia,* comply with the Court's order, submitted a "Motion in Opposition to Defendants' Motion to Strike, etc.," on January 17, 2001. The Court subsequently ordered the plaintiff to show cause why this case should not be dismissed, with prejudice, for the perpetration of a fraud on the Court. The plaintiff has answered the order to show cause.

The plaintiff's submissions establish that the plaintiff, a high-ranking Baltimore City Police Officer and a notary public of the State of Maryland, signed the signatures of the affiants to the affidavits in question, without any indication of agency, and, as to each of them, sealed the documents with his notary's seal and handwrote thereon "Sworn before me," followed by a date. The plaintiff claims that the submitted affidavits were simply "revised" versions of earlier written statements, not under oath, given him by the affiants. The affiants, Reid, Puller, and Winkler, all have submitted fresh affidavits, acknowledged before another notary, stating, *inter alia,* that they authorized the plaintiff to sign the submitted affidavits for them after they were told that amendments had been made to the original narratives (never sworn) they gave plaintiff.

Notwithstanding any alleged authorization by the affiants to plaintiff to sign the affidavits—if in fact there was such authority given—the plaintiff, in this Court's judgment, perpetrated a fraud on this Court by submitting falsely made affidavits. They were falsely made not simply because they purported to set forth the original signatures of the affiants (in handwriting that was made to resemble their original signatures) without any indication of agency. They were falsely made because they were patently falsely notarized by plaintiff, with a false statement that the affidavits had been sworn to before the plaintiff. In fact, the "affidavits" were not, and could not have been, so sworn, as they were executed by plaintiff himself outside the presence of the purported affiants, who never appeared to take an oath before plaintiff. The affiants never, in fact, even swore to the truth of their *original* statements before plaintiff or any other notary, much less did they swear to the documents actually submitted to the Court.

■ Furthermore, the plaintiff's false notarizations are not simply a formal or immaterial matter. In order to stave off summary judgment, affidavits must be submitted in proper form under Fed.R.Civ.P. 56(c) and (e), to satisfy the rule in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Here, lacking any statement therein that the submissions were made under penalty of perjury, *see* 28 U.S.C. § 1746, an oath before a duly authorized officer was necessary to make the affidavits effective to oppose summary judgment. Thus, the affidavits—and the integrity thereof—were both material and critical to an important part of the Court's process of adjudication. The plaintiff's conduct in submitting these falsely notarized affidavits, especially when done by someone who should know better as the holder of *two* offices of trust, amounts to "willfully deceiv[ing] the court and engag[ing] in conduct utterly inconsistent with the orderly administration of justice." *United States v. Shaffer Equipment Co.,* 11 F.3d 450, 462 (4th Cir.1993) (*quoting United States v. National Med. Enters., Inc.,* 792 F.2d 906, 912 (9th Cir.1986)). *See also Aoude v. Mobil Oil Corp.,* 892 F.2d 1115 (1st Cir.1989), *cited with approval in Liva v. County of Lexington,* 972 F.2d 340, 1992 WL 187299, slip op. at 1–2 (4th Cir. 1992).

The Court rejects plaintiff's explanation for his behavior, which is more rationalization than not. He claims he reasonably believed that what he did was within the scope of his powers as a notary. No notary could conceivably believe that he or she could certify a document as having been sworn to before him or her, when the affiant not only never so appeared, but never swore to the document in the first place. Those original documents were unsworn statements, in let-

ter format, and so they remain—insufficient then and now to support an opposition to a summary judgment motion, although transmuted by plaintiff into "affidavits" facially sufficient unto that purpose.

 The Court has considered the matter in light of plaintiff's submissions and in light of the relevant *Shaffer Equipment* factors, and it has concluded that dismissal of this case is warranted thereunder. The plaintiff is 100% personally culpable. The prejudice to the integrity both of the process of adjudication in general and of this Court in particular, which relies on the trustworthiness of those who submit—not to mention notarize—affidavits, is manifest. The public interest in preserving the trustworthiness of sworn documents as part of the process of orderly adjudication demands that the strongest means available be taken to redress the situation in this particular case and to deter similar misconduct by others. *See Shaffer Equipment, supra,* 11 F.3d at 462–63. *See also Richardson v. Cabarrus Co. Bd. of Educ.,* 151 F.3d 1030, 1998 WL 371999 (4th Cir.1998).

Although plaintiff suggests that merely requiring him to pay costs (presumably including attorney's fees) associated with defendants' motions to strike the affidavits is a sufficient sanction, the Court rejects this suggestion. The Court has considered lesser sanctions, but no lesser sanction than dismissal could conceivably uphold the integrity of this Court as a place where the submission of false documents or testimony is not tolerated. It is settled that the sanction of dismissal may properly be imposed without regard to the merits *vel non* of the underlying lawsuit: "Once a litigant chooses to practice fraud, that misconduct infects his cause of action...." *Aoude,* 892 F.2d at *1121, cited with approval in Liva, supra.* In this Court's judgment, plaintiff has fatally infected his own case and must suffer the consequences.

Thus, pursuant to the inherent authority of the Court, the Court will dismiss this case, by a separate order, with prejudice, for the perpetration of a fraud on this Court. *See, Aoude, supra,* at 1121.

A separate order will be entered accordingly.